GEORGE ANN BRANDON, Appellant, v. W. H. DAWSON *et al.*, Respondent.

Kansas City Court of Appeals, November 4, 1895.

Appellate Practice: EQUITY CAUSES: INSTRUCTIONS. In an equity case where it can be seen from the evidence that the finding of the jury adopted by the trial court is in accordance with the evidence, the appellate court will not reverse, though the instructions to the jury are erroneous.

*Appeal from the Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Bailey & Tincher* for appellant.

(1) The court erred in inserting the words "fraudulently" and "fraudulent" in the instructions asked by the plaintiff. The fraudulency of the transaction was the question before the jury. If the gift was made in contemplation of death and with the view of depriving the widow of dower, then the act was fraudulent. As the instruction stands, it substantially tells the jury that deceased must have fraudulently committed the fraud; and as the ordinary mind is inclined to associate the words fraud with that of crime, the instructions are well calculated to mislead a jury.

*Crews & Thurmond* and *I. W. Boulware* for respondents.

(1) No fraud was proved or established. *Priest v. Way*, 87 Mo. 16; *Oertel v. Hogan*, 7 Mo. App. 591; *Case v. Case*, 17 Cal. 598; *Lockhart v. White*, 18 Tex. 102; *Cochran v. Moss*, 10 Mo. 416. (2) If the instructions were improper or the findings in violation of the evidence, the court in a proceeding in equity, as this was, could disregard the verdict of the jury and enter judgment upon his finding, based on the evidence at the trial.

SMITH, P. J.—This cause was here by appeal on another occasion, as will be seen by reference to 51 Mo. App. 237. In the opinion then delivered, it was said by us, speaking through Mr. Justice ELLISON, that "we have not overlooked the fact that there is evidence in

the cause tending to sustain the plaintiff's theory that the object of the gift was to defraud plaintiff of her dower, but it is not of such persuasive character as to justify us in overturning the finding of the chancellor." The opinion then proceeds to show that the trial court erred in its refusal to permit the plaintiff to testify in respect to certain matters referred to in paragraph II of the opinion, and for that reason the decree of the lower court was reversed and cause remanded, for the purpose of allowing the plaintiff to testify concerning the matters which it was ruled she was competent to testify to.

The cause has been again tried in the court below, with a like result. A comparison of the evidence contained in the present abstract of the record, with that contained in the record when the cause was here before, does not disclose any substantial difference. Nor does the same disclose any material variance in the testimony of the plaintiff herself.

The case now before us, on the pleadings and evidence, is no more than a reproduction of the former one. It may be that some of the instructions of the court to the jury to whom the finding of certain issues were entrusted, were incorrect and inapt expressions of the law. But, if so, the finding of the jury was right. In an equity case like this, where we can see from the evidence presented in the record, that the finding of the jury adopted by the court is in accordance with the evidence, we will not reverse the decree, even though the instructions of the court to the jury in respect to the issues are erroneous in their enunciation. The objection that the court refused to permit plaintiff to testify as to conversations between herself and husband, in relation to giving her money, is sufficiently answered by the last paragraph of the opinion on the former appeal.

We are unable to discover any ground presented by the record of the present appeal which would authorize an interference by us with the decree, which must accordingly be affirmed. All concur.